IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Separation Engineers, Inc., | ) | Civil Action No. 4:12-cv-01713 |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | |
| ConocoPhillips Company and | ) | |
| | ) | |
| Phillips 66 Company, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SEI'S SECOND AMENDED COMPLAINT**

Defendants' motion to dismiss the Second Amended Complaint, D.E. 51, urges the Court to grant the same relief they previously sought in their earlier motions for dismissal under Rule 12(b)(6) and for summary judgment.  D.E. 36; 37.  Each asks the Court to dismiss SEI's state law claims based solely on the statute of limitations.  *Id;* D.E. 51 at 1.  SEI demonstrated the Defendants' statute of limitations motions should be denied relief for a variety of reasons, including: (1) Defendants' motion papers completely fail to address several of SEI's state law claims; and (2) Defendants assert a wholly fictitious and unsupportable accrual date for SEI's claims.  D.E. 41; 43 Exh. W.  In moving for dismissal based on limitations, Defendants are obligated to first establish there is no genuine issue of fact relating to the accrual date for the cause of action.

Although Defendants had multiple opportunities to attempt to establish why SEI's state law claims should be dismissed, Defendants now, for the first time, cryptically allege that SEI "lost protection" "concerning its technology" because the "public record" demonstrates that "SEI

1

dedicated its technology to the public when it applied for patent protection on its technology." D.E. 51 at 2.

Defendants nowhere connect this factually flawed and irrelevant statement with any pertinent contract provision or cause of action – let alone explain how it affects their statute of limitations motion. For example, SEI alleges that under a particular provision of the Technology Assessment Agreement, it owns all intellectual property based on SEI's Technology, and that when ConocoPhillips applied for and obtained patents based on SEI's Technology, it breached that agreement. D.E. 47 at ¶¶ 55, 61. ConocoPhillips' flawed and conclusory statement is irrelevant to this claim. Likewise, ConocoPhillips expressly acknowledged that SEI, not ConocoPhillips, owned certain trade secrets. *See* D.E. 47 at ¶¶ 39; 73. When ConocoPhillips filed patent applications based on SEI's trade secrets, ConocoPhillips misappropriated those trade secrets. D.E. at ¶ 75. Whether or not SEI might have sought patent protection on some of these trade secrets, which itself is in dispute, is irrelevant under Texas law to the issue of whether ConocoPhillips' misappropriated those trade secrets. *Hyde Corp. v. Huffines,* 314 S.W.2d 763 (Tex. 1958).

For the reasons SEI previously stated in opposition to Defendants' summary judgment, Defendants' motions to dismiss and for summary judgment should be denied.

Dated: Wednesday, December 19, 2012

                                                                            Respectfully submitted,

                                                                            /s/ Edward W. Goldstein
                                                                           Edward W. Goldstein – Attorney-in-Charge
                                                                           Texas Bar No. 08099500
                                                                           Southern District of Texas Bar No. 586
                                                                           GOLDSTEIN LAW P.L.L.C.

>710 North Post Oak Road, Suite 350
>Houston, Texas  77024
>Tel.: (713) 877-1515
>Facsimile: (713) 877-1145
>E-Mail: egoldstein@gliplaw.com
>
>*ATTORNEY FOR PLAINTIFF*

OF COUNSEL

Gary J. Fischman
Texas Bar Number 00787469
Southern District of Texas Bar No.: 17126
Tel.: (832) 209-4206
gfischman@FandLattorneys.com
Stephen L. Lundwall
Texas Bar Number 12696980
Southern District of Texas Bar No.: 14180
Tel.: (832) 209-4220
slundwall@FandLattorneys.com
Fischman & Lundwall P.L.L.C.
710 North Post Oak Road, Suite 101
Houston, Texas  77024
Facsimile: (713) 977-8536

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 19, 2012.  Any other counsel of record will be served by first class U.S. mail.

>/s/ Edward W. Goldstein
>Edward W. Goldstein