UNITED STATES DISTRICT COURT              SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Separation Engineers, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-12-1713 |
| | § | |
| ConocoPhillips Company, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

Eight years ago, a refiner told an inventor to hire a lawyer because it was using the inventor's technology without permission. Because the inventor waited too long to sue, the refiner will prevail.

2.    *Background.*

In 2003, Separation Engineers, Inc., invented a technique to refine crude oil with mesoporous materials, such as zeolite. During the fourth quarter of 2003, ConocoPhillips Company negotiated with the president of Separation, Charlotte Droughton, to use the technology.

In 2004, Conoco agreed not to disclose Separation's confidential information. In 2005, it agreed that Separation (a) owned a technique to remove impurities from petroleum and (b) would retain title to it.

Droughton knew in early 2006 that Conoco spent billions of dollars retrofitting how it refines crude oil. In a separate lawsuit that Separation brought against Conoco in 2012, Separation pleaded that Conoco told Droughton to hire an attorney during the second quarter of 2006 because Conoco was using its mesoporous technique.

In 2008, Conoco applied to patent the use of zeolites to remove acid from wastewater streams produced during crude oil refining. The United States Patent Office did not publicly

disclose this application until it was published in 2010. Since 2008, Conoco has patented other applications of zeolite as well.

In 2012, Separation sued Conoco and its subsidiary – Phillips 66 Company – for breach of contract, misappropriation of trade secrets, violating the Texas Theft Liability Act, *quantum meruit*, and fraudulent concealment.

In its second amended complaint, Separation has a multitude claims that represent eight ways of saying Conoco breached its contract not to use, sell, or disclose Separation's mesoporous technology. Conoco moved for judgment because Separation's claims were brought too late.

3.    *Timing.*

Separation waited too long to sue. It had four years to sue for breach of contract or *quantum meruit* and three years to sue for theft of trade secrets.[1]

In 2006, it knew that Conoco was using its technology. In another lawsuit, Separation pleaded, "In the second quarter of 2006, a COP employee advised Plaintiff to hire an attorney due to COP's use of her proprietary technology." Separation has judicially admitted that it knew of Conoco's breach of contract six years before it sued.

Conoco also announced to the public in 2006 that it was updating and expanding its refineries. In light of Separation having recently told Conoco about its technique, the timing of that announcement should have alerted it to the likelihood that its technology had been taken.

Separation says that it was not suspicious until it read a technical paper published by Conoco in 2010 about removing acid with zeolite. On the other hand, Separation says that it was reading Conoco's press releases and patent applications as early as 2006. People do not read patent applications for fun. Separation was tracking Conoco because it suspected that its mesoporous technique was being used.

Conoco did not stop breaching the contract in 2006. Separation says that Conoco wrongfully disclosed its secrets to the patent office in 2008. It says that its claims arising out of those later breaches should not be time barred because they were distinct from the 2006 breach.

---

[1] Tex. Civ. Prac. & Rem. Code § 16.004; Tex. Civ. Prac. & Rem. Code § 16.010.

They are not distinct. Separation's claims arise from Conoco's use, disclosure, and ownership of its technology – all of which began in 2006. For the past six years, it may have been using the technology and telling its business partners about it. Separation may not cure the lateness of its objection to conduct that began in 2006 and 2007 by identifying an instance of the same behavior in 2008.

4.  *Tolling.*

In Texas, the amount of time that a person has to sue does not begin to expire until he knew or should have known of the facts giving rise to his claim.[2] Although the actions underlying Separation's claims occurred in 2006, it says that it did not sue too late because it could not have known Conoco stole its technology until 2010.

Separation knew that its technology was being used when a Conoco employee told it to hire a lawyer in 2006. It says that it thought Conoco meant it was only performing comparison testing – something that the contract permitted. Conoco's warning said nothing about comparisons. If it were merely complying with the contract, it would not have suggested that Separation needed to hire a lawyer.

5.  *Fraudulent Concealment.*

Separation says that Conoco fraudulently concealed its breach of contract and theft of trade secrets. In Texas, a person does not have to bring a fraudulently concealed claim until he discovers or should have discovered the facts giving rise to it.[3]

Because Separation knew of its claims in 2006, it sued too late. This meretricious claim was added by Separation as a transparent attempt to extend the amount of time it had to sue. There are no facts – zero – to support it. ConocoPhillips told Separation it was using its technology without permission. Candid disclosures are the opposite of concealment.

---

[2] Wagner & Brown, Ltd v. Harwood, 58 S.W.3d 732, 734 (Tex. 2001).

[3] Earle v. Ratliff, 998 S.W.2d 882, 888-89 (Tex. 1999).

6.     *Conclusion.*

Separation Engineers, Inc., waited six years to sue – roughly twice the amount of time the law allows to bring its claims. It will take nothing from ConocoPhillips Company and Phillips 66 Company.


Signed on May  23 , 2014, at Houston, Texas.


_____

Lynn N. Hughes
United States District Judge